0’Connell, J.
A number of defendants below were tried for the same offense and each brings his case into this court for review. Each defendant below was arrested through an affidavit charging him with having in his possession and custody, with intent to sell, *350 milk from cows fed on “wet distillery waste”; this being in contravention of tbe statutes of Ohio “to regulate the sale of milk.”
Prom the record disclosed by the bills of exceptions, the judgments should be reversed for failure to prove the venue. There is no evidence -that the possession was had or that the sales tools place ,in Hamilton county, Ohio. In some cases, the place of sale and arrest is not mentioned; in others certain streets are mentioned. The court can not take judicial notice of the fact that “West Fork road, -near Colerain pike” is in Hamilton county, Ohio. That is not a “fact of such general public history” as to require no proof. The names of city streets are frequently changed by ordinance. ' Nor is it a matter of “such general and public notoriety that every one may fairly be presumed to be acquainted with them.” For authorities see Chase’s Stepens’ Digest of the Latos of Evidence, 2d Edition, Part II, Chapter VII.
These were criminal prosecutions and it is fundamental that in all criminal prosecutions the venue must be proven.
But, as at the hearing certain other questions were raised which are brought here for review, they will be passed upon also.
In addition to the question of venue, plaintiffs in error raise the further contention that the statute referred to is unconstitutional for various reasons which they assign. Further, that the dairymen and milk vendors are unable to determine from the statute under which the prosecutions are had, whether they are prohibited from using the wet distillery waste entirely, or only partially, and if so in what proportions. Hence, they claim the statute is void for uncertainty.
The statute is plain. It provides, 99 O. L., pp. 239, 240:
Section 1. “That, whoever by himself or by his servant or agent, or as the servant or agent of any other person, sells, exchanges or delivers, or has in his custody or possession with intent to sell or exchange or expose or offers for sale or exchange adulterated milk, or milk to which water or any foreign substance has1 been added, or milk from cows fed on wet distillery waste, or starch waste, or from cows kept in a dairy or place which has been declared to be in an unclean or unsanitary condition by certificate of any duly constituted board of health or duly qualified health officer, within the county in which said dairy is located, or from diseased or sick cows, * * * shall be punished,” etc.
*351 It absolutely prohibits the use of “wet distillery waste” as an article of food for cows. The Legislature acting strictly within its constitutional limitations in legislating for the public ■ health, has declared that it shall be unlawful to offer for sale milk from cows fed on wet distillery waste. If its use in combination with other substances is to be permissible, the permission must be obtained from the law-making body and not from the courts. If the Legislature finds on investigation that when combined with certain other foods, wet distillery waste is not injurious, they can permit its use in such manner and form and percentage as they see fit. But as the law now stands, it prohibits its use, and it is not the province of a court to usurp the province of the Legislature in matters of legislation such as this, and to say that under certain circumstances the use of wet distillery waste may or may not be permissible. If it is constitutional to pass such a statute, the use of wet distillery waste must be interdicted entirely. It would lead to hopeless confusion in the law were each court to attempt to set up a standard or percentage of wet distillery waste which might possibly be used without having seriously detrimental effect on the inilk
In a number of other states having similar statutes, the same objections raised to the constitutionality of such statutes have been raised by milk dealers and passed upon by the courts. The constitutionality of such similar statutes, prohibiting the sale of milk from cows fed on “wet distillery waste” have been sustained by the Supreme Court of the United States. See St. John v. New York, 201 U. S., 633, where Item 5 of Section 20 of the 'statute under consideration provided that the term adulterated milk, when so used, means:
5. “Milk drawn from animals fed on distillery waste or any substance in a state of fermentation or putrification or any unhealthy food.”
Such statutes have also been sustained in New York and elsewhere. See People v. Cipperly, 101 N. Y., 634.
In the opinion which the court of appeals in that ease adopted as its own, we find the following language (44 New York Supreme Court, p. 326) :
*352 “It is very plain that the courts have nothing to do with the question of the wisdom, or even, according to our courts, with the natural justice of any particular law. Courts can not say that the Legislature has the constitutional power to pass a judicious law to regulate the sale of articles of .food, but have no constitutional power .to pass an injudicious law on that subject. It has been said with truth that ‘the courts must be able to see that it has at least in fact some relation to public health; that the public health is the end aimed at and that it is appropriate and adapted to that end.’ ” (In re Jacobs, 31 Ala. L. J., 84.)
“Now, an examination of the present law clearly shows that it relates to, and is appropriate to promote the public health. "Whether its details are wise we do not know. But its object is evident and it is good. Its first section forbids the sale of unclean, impure, unhealthy and unwholesome milk. Its thirteenth declares that milk drawn from animals-fed on distillery waste shall be declared unwholesome.”
Owing to its universal use, particularly by inf ants and children, there is no food product of which greater care should be taken, or which more concerns the public health than milk. The Legislature has seen fit to pass an act regulating the sale of that product. And in its deliberations it has determined that milk produced under certain conditions is detrimental to the public health and its sale should be prohibited.
The statute being clearly within the power of the Legislature to pass, it is not within the province of the courts to change, alter or amend .it to make it more reasonable to the dairymen or dealers affected, or more to their liking. Nor is it within the province of the court to interpret it in any language other than the plain language of the statute itself. It prohibits the sale of milk from cows fed on wet distillery waste. This statute is not unreasonable, and it is clearly within the power of the Legislature to pass, and therefore constitutional. But the judgment of the mayor must be reversed for error in the matter of venue pointed out above.